SONYA Z. MEHTA, SBN 294411
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, CA 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
sonyamehta@siegelyee.com

DOUGLAS R. KERTSCHER, Georgia Bar No. 416265
(pro hac application forthcoming)
JULIE H. BURKE, Georgia Bar No. 448095
(pro hac application forthcoming)
HILL, KERTSCHER & WHARTON, LLP
3625 Cumberland Blvd. SE, Suite 1050
Atlanta, GA 30339
Telephone: (770) 953-0995
Facsimile: (770) 953-1358
drk@hkw-law.com
jb@hkw-law.com

Attorneys for Plaintiff
JOHN GOODE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **JOHN GOODE**, <br> Plaintiff, <br> v. <br> **TESLA, INC.**, <br> Defendant. | Case No.: <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br> (Civil Rights) <br><br> DEMAND FOR JURY TRIAL |

*Goode v. Tesla, Inc.*
Complaint – 1

Plaintiff JOHN GOODE complains against defendant TESLA, INC., as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff JOHN GOODE, former general manager at TESLA, INC., in Georgia, brings this action against defendant TESLA, INC., for discrimination on the basis of race, retaliation for his discrimination complaints, failure to prevent discrimination and retaliation, and whistleblower retaliation. The decisions relating to Plaintiff's termination were made out of Tesla, Inc. headquarters located in Fremont, California.

**JURISDICTION**

2. This action arises under Section 1981, 42 U.S.C. § 1981 *et seq*. The Court has jurisdiction over this matter under 28 U.S.C. § 1331.

3. The state law claims here are so related to claims in the action within original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. The Court has supplemental jurisdiction over the related state law claims under 28 U.S.C. § 1367.

4. The Court also has diversity jurisdiction under 28 U.S.C. § 1332 because Goode and Tesla, Inc. are citizens of different states and the amount in controversy exceeds $75,000.

5. The Court has personal jurisdiction over this matter because this lawsuit arises from Tesla, Inc.'s contacts with the state of California. The events or omissions giving rise to the claim occurred in this District as the decisions and rules relating to Plaintiff's termination were made out of Tesla, Inc.'s finance headquarters in Fremont, California.

**VENUE**

6. Venue is proper in the Northern District of California because the events or omissions giving rise to the claim occurred in this District as the decisions and rules relating to Plaintiff's termination were made out of Tesla, Inc.'s finance headquarters in Fremont, California.

**PARTIES**

7. At all times relevant to this controversy, plaintiff John Goode was an employee of Tesla, Inc. and a resident and citizen of Atlanta, Georgia.

8. At all times relevant to this controversy, defendant Tesla, Inc. was a Delaware corporation with the company's finance headquarters located in Fremont, California.

**STATEMENT OF FACTS**

9. In October 2021, defendant Tesla hired Plaintiff John Goode as a Service Manager. Goode was highly qualified for the position and is a Black man. Tesla hired him at a starting salary of $120,000.

10. Goode excelled as a Service Manager. Supervisors gave him excellent performance evaluations and coworkers praised him.

11. Jeff Gulley, a white man and Goode's then-supervisor, quickly recommended Goode for promotion to General Manager. Tesla promoted Goode in April of 2022 and gave him a raise in the second half of 2022.

12. Goode successfully performed in the General Manager position and continued to draw praise from co-workers and supervisors.

13. Then, in the end of July 2022, Dustin Clark, a white man, assumed the Regional Manager role and became Goode's supervisor.

14. After an initial period where Clark praised Goode, in the late summer and fall of 2022, Clark began making racialized comments in Goode's presence.

15. Throughout the summer and fall of 2022, Clark made numerous racist and discriminatory comments that negatively and/or stereotypically described Black people.

16. For example, Clark stated, in Goode's presence, "Black people are only good at sports and entertainment."

17. Clark said, in Goode's presence, "Black people just scream and holler in the church - it's not that serious."

18. In Goode's presence, Clark said, "I don't know why you Blacks even go to church, all you do is fake the Holy Ghost," As he said this, Clark stomped his feet and raised his hands in the air.

19. In Goode's presence, Clark questioned, "Was Jesus even Black?"

20. In Goode's presence, Clark said, "You don't sound like a Black person."

*Goode v. Tesla, Inc.*
Complaint – 3

21. These statements made Goode uncomfortable, but he didn't immediately state his opposition to them because he loved his job with defendant Tesla. He hoped Clark would stop making these comments.

22. Clark did not stop. In October 2022, Goode was riding in a car with Clark and two other witnesses, when Clark made another racially uncomfortable statement. When Goode responded to the comment with an awkward silence, Clark stated, "Don't make me ever have to write you up."

23. In October 2022, Clark complained to Goode that he was unhappy with another Black employee that Clark supervised. Clark suggested he was creating false or trumped-up incidents relating to this woman that Human Resources would "document" so Tesla would terminate her. Clark stated that he was doing this because the Human Resources business partner "won't let [Clark] fire her."

24. In October 2022, in light of his continued excellent performance and to escape Clark, Goode applied for the Regional Manager position over the Mid-Atlantic region. This position carried an approximately $50,000 annual compensation increase.

25. Tesla's practice is that employees seeking an internal promotion are regularly granted an interview for that position.

26. Clark was the decision maker and/or at least had substantial influence in Tesla's decision of whom to consider, interview, and hire for the Regional Manager position.

27. Clark blocked Goode from being considered or interviewed for the Regional Manager promotion.

28. Tesla granted the position to a white male.

29. In December 2022, Clark again made openly racialized statements such as those listed above, and claimed they were jokes.

30. This time, Goode made it clear to Clark that he would no longer tolerate his discriminatory statements and comments. Goode told Clark that these "jokes" were unprofessional and unnecessary, and asked Clark to stop. Clark reacted with stunned silence.

*Goode v. Tesla, Inc.*
Complaint – 4

31. Immediately thereafter, Clark's disposition towards Goode changed, becoming cold, exclusionary, and formal.

32. Then in early January 2023, Clark informed Goode that he would "write up" Goode for reasons that were false and/or exaggerated.

33. In early February 2023, Clark again threatened to discipline Goode for false reasons. Goode recognized that Clark was following the same pretextual process he used to discipline and expel the Black woman employee referenced above.

34. In February 2023, Tesla suspended Goode for almost four (4) weeks on false grounds generated by Clark in retaliation for his opposition conduct in December 2022.

35. On February 12, 2023, Tesla's finance team, based out of Fremont, California; Clark, and Goode had a conference call. Tesla discussed finance rules relating to expense reports that arose out of the company's headquarters in Fremont, California.

36. On March 3, 2023, Tesla terminated Goode because of an allegation that he turned in expense reports "late."

37. Tesla's Global Travel and Expense Policy sets forth no deadline for turning in reports. The policy only suggests two weeks. Further, the policy states the expense reports may be turned in "over one (1) year" later.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

38. On or around February 24, 2023, Goode filed a Charge of Discrimination with the EEOC. The EEOC is in the process of investigating. If and when the EEOC issues a right to sue letter, Goode may amend this Complaint to bring claims under Title VII.

39. On March 27, 2023, Goode received a Notice of Case Closure and Right to Sue from the State of California Civil Rights Department.

**FIRST CLAIM – SECTION 1981- FAILURE TO PROMOTE DUE TO RACE**

(42 U.S.C. § 1981)

40. Plaintiff incorporates by reference the paragraphs above as though fully set forth herein.

41. By virtue of the foregoing, defendant failed to promote plaintiff due to his race.

## SECOND CLAIM – SECTION 1981- TERMINATION DUE TO RACE

(42 U.S.C. § 1981)

42. Plaintiff incorporates by reference the paragraphs above as though fully set forth herein.

43. By virtue of the foregoing, defendant terminated plaintiff due to his race.

## THIRD CLAIM – SECTION 1981- RETALIATION DUE TO RACE

(42 U.S.C. § 1981)

44. Plaintiff incorporates by reference the paragraphs above as though fully set forth herein.

45. By virtue of the foregoing, defendant terminated plaintiff in retaliation for plaintiff's complaints regarding discrimination on the basis of his race.

## FOURTH CLAIM— FEHA RACE DISCRIMINATION

(California Government Code §§ 12923, 12940(j))

46. Plaintiff incorporates by reference the paragraphs above as though fully set forth herein.

47. By virtue of the foregoing, defendant discriminated against plaintiff based on his race in violation of Government Code sections 12923 and 12940(j).

## FIFTH CLAIM— FEHA RACE RETALIATION

(California Government Code §12940(h))

48. Plaintiff incorporates by reference the paragraphs above as though fully set forth herein.

49. By virtue of the foregoing, defendant retaliated against plaintiff in violation of Government Code section 12940(h).

## SIXTH CLAIM— FEHA FAILURE TO PREVENT RETALIATION

(California Government Code §§ 12940(a), (j)(1) & (k))

50. Plaintiff incorporates by reference the paragraphs above as though fully set forth herein.

*Goode v. Tesla, Inc.*
Complaint – 6

51. By virtue of the foregoing, defendant failed to prevent retaliation against plaintiff in violation of Cal. Gov't Code §§ 12940(a), (j)(1) & (k).

### SEVENTH CLAIM— WHISTLEBLOWER RETALIATION

(California Labor Code § 1102.5)

52. Plaintiff incorporates by reference the paragraphs above as though fully set forth herein.

53. By virtue of the foregoing, defendant retaliated against plaintiff in violation of Cal. Labor Code § § 1102.5.

### DAMAGES

54. As a result of the actions of defendant, plaintiff has been injured and has suffered damages as follows:

a) He has lost compensation and other employment-related benefits to which he has been entitled and will lose such compensation and benefits in the future;

b) He has suffered from emotional distress, embarrassment, and humiliation, and has suffered damage to his professional reputation and standing.

WHEREFORE, plaintiff requests that this Court grant him relief as follows:

a) Injunctive relief

b) Compensatory damages for back pay, including lost wages and benefits, in an amount to be determined;

c) Interest at the legal rate;

d) Reinstatement or in the alternative front pay;

e) General damages for emotional distress, pain and suffering, in an amount to be determined;

f) Punitive damages;

g) Liquidated damages;

h) Civil penalties;

i) Special damages for out-of-pocket expenses;

j) Attorneys' fees and litigation expenses;

k) Costs of suit; and

l) Such other and further relief as the Court may deem proper.

**DEMAND FOR JURY TRIAL**

In accordance with the Federal Rules of Civil Procedure, Rule 38(b), and Northern District Local Rule 3-6, plaintiff John Goode hereby demands a jury trial.

Dated: March 30, 2023         SIEGEL, YEE, BRUNNER & MEHTA


By:   */s/ Sonya Z. Mehta*
        Sonya Z. Mehta

SONYA Z. MEHTA, SBN 294411
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, CA 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
sonyamehta@siegelyee.com

DOUGLAS R. KERTSCHER, Georgia Bar No. 416265
(pro hac application forthcoming)
JULIE H. BURKE, Georgia Bar No. 448095
(pro hac application forthcoming)
HILL, KERTSCHER & WHARTON, LLP
3625 Cumberland Blvd. SE, Suite 1050
Atlanta, GA 30339
Telephone: (770) 953-0995
Facsimile: (770) 953-1358
drk@hkw-law.com
jb@hkw-law.com

Attorneys for Plaintiff
JOHN GOODE

*Goode v. Tesla, Inc.*
Complaint – 8